UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                    Criminal No. 10-326(1)(DSD/FLN)

United States of America,

        Plaintiff,

v.                                                      **ORDER**

John Anthony Spencer,

        Defendant.


     This matter is before the court upon the motions for judgment of acquittal and a new trial by defendant John Anthony Spencer. Based on a review of the file, record and proceedings herein, and for the reasons stated, the court denies defendant's motions.

     On June 2, 2011, after ten days of trial, a jury found defendant guilty of conspiracy to commit mortgage fraud through interstate wire and to commit bank fraud, in violation of 18 U.S.C. § 371; mortgage fraud through interstate wire, in violation of 18 U.S.C. § 1343; bank fraud, in violation of 18 U.S.C. § 1344; and engaging in a monetary transaction in criminally derived property, in violation of 18 U.S.C. § 1957.  Defendant now moves for judgment of acquittal and a new trial.  Defendant argues that the court erred in allowing the admission of unduly prejudicial expert testimony and summary charts, and that the evidence was insufficient to prove his guilt beyond a reasonable doubt.

     A motion for judgment of acquittal should be denied if, "after reviewing the evidence in the light most favorable to the

government, there is substantial evidence justifying an inference of guilt as found irrespective of any countervailing testimony that may be introduced." United States v. Rodriguez, 812 F.2d 414, 416 (8th Cir. 1987) (citation omitted).  "The jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt." United States v. Maxwell,  363 F.3d 815, 817 (8th Cir. 2004).  On a motion for a new trial, a "court must weigh the evidence and in doing so evaluate for itself the credibility of the witnesses." United States v. Lincoln, 630 F.2d 1313, 1316 (8th Cir. 1987).  A court will set aside the verdict only if the evidence weighs so heavily to the contrary that a miscarriage of justice may have occurred.  See Rodriguez, 812 F.2d at 417.

In the present case, after a careful review of the evidence adduced at trial, the court determines that the evidence supported the jury's verdict and that no miscarriage of justice has occurred. The court further determines that the expert testimony and summary charts were not unduly prejudicial.  Accordingly, **IT IS HEREBY ORDERED** that defendant's motions for a new trial [ECF No. 92] and judgment of acquittal [ECF No. 93]  are denied.

Dated:  July 7, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court

2