UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 10-326(1)(DSD/FLN)

United States of America,

            Plaintiff,

v.                                                    **ORDER**

John Anthony Spencer,

            Defendant.


        David J. MacLaughlin, Assistant U.S. Attorney, 300 South
        Fourth Street, Suite 600, Minneapolis, MN 55415, counsel
        for plaintiff.

        John Anthony Spencer, Reg. No,. 15610-041, FCI Sandstone,
        P.O. Box 1000 (Unit H), Sandstone, MN 55072, pro se.


        This matter is before the court upon the pro se motion by
defendant John Anthony Spencer to vacate his sentence pursuant to
28 U.S.C. § 2255.  Based on a review of the file, record and
proceedings herein, and for the following reasons, the court denies
the motion.


                            **BACKGROUND**

        On May 2, 2011, Spencer was charged with (1) conspiracy to
commit mortgage fraud through interstate wire and to commit bank
fraud, in violation of 18 U.S.C. § 371, (2) ten counts of mortgage
fraud through interstate wire, in violation of 18 U.S.C. § 1343,
(3) bank fraud, in violation of 18 U.S.C. § 1344 and (4) engaging
in a monetary transaction in criminally derived property, in
violation of 18 U.S.C. § 1957.  On June 2, 2011, a jury convicted

Spencer on all thirteen counts.  See ECF No. 91.  Spencer moved for a judgment of acquittal, which the court denied on July 7, 2011. See ECF No. 94.  The court sentenced Spencer to 125 months of imprisonment and ordered him to pay $7,662,577.07 in restitution. See ECF No. 193.

Spencer appealed, arguing that the court erred in (1) allowing certain testimony, (2) failing to issue a cautionary instruction regarding expert testimony and (3) calculating his restitution obligation.  Spencer also argued that his sentence was unreasonable.  On November 7, 2012, the Eighth Circuit Court of Appeals affirmed the conviction and sentence.  See United States v. Spencer, 700 F.3d 317 (8th Cir. 2012).

On December 17, 2013, Spencer timely filed the instant § 2255 motion,[1] alleging (1) prosecutorial misconduct,[2] (2) Brady

---

[1] Spencer also moved "for a continuation of time to perfect" his § 2255 claims.  See ECF No. 199.  Section § 2255 petitions are subject to a one-year period of limitation.  28 U.S.C. § 2255(f). Once a § 2255 is timely filed, however, a petitioner may later allege supplemental claims, so long as they "can be said to have arisen out of the same set of facts as [the] original claims," for purposes of determining whether such supplemental claims "relate back for purposes of deeming the claims timely filed."  Mandacina v. United States, 328 F.3d 995, 1000 (8th Cir. 2003) (citations omitted).  Moreover, the court will not grant a prospective motion to amend.  As a result, the motion for continuation is denied.

[2] Spencer also alleged that there is newly-discovered evidence.  Because the issues raised in such claims are more properly styled as claims of prosecutorial misconduct, the court considers them together.

violations, (3) ineffective assistance of trial counsel and (4) ineffective assistance of appellate counsel. The government responded.

## DISCUSSION

Section 2255 provides a person in federal custody a limited opportunity to challenge the constitutionality, legality or jurisdictional basis of a sentence imposed by the court. 28 U.S.C. § 2255; see Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997). Such collateral relief is an extraordinary remedy. Bousley v. United States, 523 U.S. 614, 621 (1998). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). "A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted).

## I.    Section § 2255 Petition

Here, dismissal of the § 2255 petition is warranted. Moreover, because Spencer's allegations, accepted as true, do not entitle him to relief or are contradicted by the record, no hearing is necessary.

### A.    Prosecutorial Misconduct

Spencer first argues that the prosecutor engaged in prosecutorial misconduct. Specifically, Spencer argues that the prosecutor (1) posed improper and unduly prejudicial questions during cross-examination, (2) alluded to facts not in evidence, (3) made improper statements during closing arguments, (4) misrepresented facts and misstated evidence to the jury, (5) improperly coached a witness using hand signals during testimony and (6) elicited false testimony. The issue of prosecutorial misconduct, however, is properly raised upon direct appeal. Therefore, in most cases, such an argument is not cognizable when raised in a § 2255 petition for the first time. See e.g., James v. Bowersox, 187 F.3d 866, 869 (8th Cir. 1999). "Because habeas relief is an extraordinary remedy which will not be allowed to do service for an appeal, significant barriers exist in the path of a petitioner who seeks to raise an argument collaterally which he failed to raise on direct review." United States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001) (citation and internal quotation marks omitted). "More specifically, a claim unraised on direct appeal is procedurally defaulted unless a

petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." Id. (citation omitted).

### 1.   Cause for Default and Actual Prejudice

Here, Spencer cannot demonstrate cause for the default with regard to his arguments that the prosecutor posed improper and unfairly prejudicial questions during cross-examination, made improper statements during closing arguments, misrepresented facts and evidence to the jury and improperly used hand signals to coach a witness during testimony. Such alleged misconduct occurred at trial and in Spencer's presence. See Turner v. United States, No. 4:10CV01350, 2011 WL 2580104, at *2 (E.D. Mo. June 28, 2011). Spencer advances no reason for declining to pursue the prosecutorial misconduct argument on direct appeal.[3] As a result, he cannot demonstrate adequate cause for default as to these allegations.

Spencer also argues that the prosecutor elicited false testimony from Patrick Dols,[4] a former co-worker who pleaded guilty

_____

[3] Spencer states in his petition that he did not raise the prosecutorial misconduct claim due to "[r]ogue [c]ounsel [and] ineffective assistance of appellate counsel." Pet.'s Mot. 4. The petition and the attached memorandum provide, however, provide no detail or support of how the failure to appeal issues of prosecutorial misconduct resulted from ineffective assistance of appellate counsel. See Voytik v. United States, 778 F.2d 1306, 1310 (8th Cir. 1985) ("To maintain a claim for ineffective assistance of counsel, [petitioner] must plead facts sufficient to show both that his counsel's performance fell below an objective standard of reasonable representation and that he was prejudiced by this deficient performance." (citation omitted)).

[4] Further, Spencer alleges that the prosecutor "attempted to
(continued...)

to conspiracy to commit mortgage fraud through interstate wire, in violation of 18 U.S.C. § 371.  Specifically, Spencer argues, following Spencer's trial and appeal, Dols recanted his testimony prior to sentencing.  See Pet.'s Mem. at 80-85.  Spencer argues that, as a result of the recantation, the sentencing court lacked a sufficient factual basis and should not have accepted Dols's guilty plea.  Spencer further contends that, because more than one individual is required to constitute a conspiracy, in the absence of Dols's guilty plea the jury would have had reason to doubt the existence of the conspiracy and acquitted Spencer.  Moreover, Spencer argues that the government "knew or should have known of the perjury," but that it allowed Dols to proceed with his testimony.  Pet.'s Mem. 87.

Spencer argues that the prosecutorial misconduct claims based on Dols's testimony, though not raised on direct appeal, are not procedurally barred because he discovered that the government had allegedly suborned Dols' perjury only after his direct appeal had been resolved.  Even if that were true, however, Spencer cannot demonstrate actual prejudice.  The jury's finding of guilt was not

---

(...continued)
elicit false testimony from [g]overnment witness Joseph Whebbe ... and Alex Moskvin reported to trial counsel that the prosecutor was attempting to put words in his mouth."  Pet.'s Mem. 23.  Spencer, however, provides no further factual support.  Such "unsupported allegations regarding the manner in which his co-conspirators testified and speculation the prosecutor coached the testimony" are inadequate to demonstrate entitlement to relief on the basis of prosecutorial misconduct.  Morelos v. United States, 709 F.3d 1246, 1253 (8th Cir. 2013).

based on the guilty plea of Dols.  Indeed, the court specifically instructed the jury that Dols's "guilty plea cannot be considered by you as any evidence of [Spencer's] guilt." ECF No. 90, at 14. Further, to prove the existence of a conspiracy, "the government must show an agreement between at least two people and that the agreement's objective was a violation of the law." United States v. Jenkins, 78 F.3d 1283, 1287 (8th Cir. 1996) (citation and internal quotation marks omitted).  Here, each charge of conspiracy related not only to Spencer and Dols, but also to Bryan Lenton. See ECF No. 66.  Therefore, any allegedly perjured testimony by Dols was not material because "failure to disclose it would be harmless beyond a reasonable doubt." United States v. Duke, 50 F.3d 571, 577 (8th Cir. 1995).  As a result, Dols's testimony at Spencer's trial resulted in no actual prejudice.

### 2.  Actual Innocence

Because Spencer cannot show cause for the default or actual prejudice, he can only overcome the procedural bar by demonstrating actual innocence.  "In order to establish a valid claim of actual factual innocence, [Spencer] must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted [him]." United States v. Bailey, 235 F.3d 1069, 1072 (8th Cir. 2000) (citations and internal quotation marks omitted).  Spencer "must show factual innocence, not simply legal insufficiency of evidence to support a conviction." Id. (citations and internal quotation marks omitted).

Here, Spencer vehemently argues that he is factually innocent of the crimes of which he has been convicted.  The record, however, is replete with evidence that does not support such a finding. Following ten days of trial, including the testimony of more than thirty witnesses, the jury returned its verdict approximately two-and-a-half hours after receiving the case.  See ECF No. 89. Moreover, tenable "actual-innocence gateway pleas are rare: [A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) (alterations in original) (citations and internal quotation marks omitted).  Here, even with the alleged new evidence, there was ample evidence from which a reasonable jury could have found Spencer guilty.  As a result, Spencer cannot demonstrate factual innocence, rendering the § 2255 claims based on prosecutorial misconduct procedurally barred.

### B.   Brady Materials

Spencer also argues that the government failed to disclose evidence favorable to him, as required by Brady v. Maryland, 373 U.S. 83 (1963).  See ECF No. 222, Ex. 1 (enumerating documents sought as Brady materials).  As with prosecutorial misconduct claims, alleged Brady violations are cognizable on direct appeal.

Smith v. United States, 256 F. App'x 850, 852 (8th Cir. 2007) (per curiam).  As a result, in order to bring such a claim in a § 2255 petition, Spencer must be able to overcome procedural default.

Here, Spencer does not allege any cause for his failure to raise the Brady claims on direct appeal.  Indeed, all of Spencer's discovery requests relating to his Brady claims pertain to events occurring prior to the direct appeal.  Therefore, for the reasons already explained, such "claims fail because [Spencer] did not overcome the procedural default."  Id.  As a result, the Brady claims are procedurally barred.

## C.   Ineffective Assistance of Trial Counsel

Spencer next argues a claim for ineffective assistance of his trial counsel.  To prevail on a § 2255 motion based on ineffective assistance of counsel, Spencer must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984).  See United States v. Williams, 562 F.3d 938, 941 (8th Cir. 2009).  First, Spencer must show that his counsel's performance was so deficient that it was objectively unreasonable.  See Strickland, 466 U.S. at 687.  Because "[t]here are countless ways to provide effective assistance in any given case" and different attorneys "would not defend a particular client in the same way," the court reviews the performance of defense counsel with significant deference.  Id. at 689-90 (citation omitted).  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689 (citation

omitted).   Second,  Spencer  must  also  demonstrate  prejudice  by
showing  "a  reasonable  probability  that,  but  for  counsel's
unprofessional  errors,  the  result  of  the  proceeding  would  have  been
different."  Id. at 694.

Spencer  argues  ineffective  assistance  based  on  numerous
grounds.  For ease of discussion, the court groups the arguments as
relating   to   trial   counsel's   (1)   pre-trial   preparation,
(2)  management  of  evidence,  (3)  trial  strategy  and  (4)  jury
instruction.

### 1.   Pre-Trial Preparation

Spencer first argues that trial counsel was unprepared for the
hearing at which the court held that the attorney-client privilege
did  not  apply  to  William  Hogle,  an  accountant  and  non-practicing
attorney.   Specifically,  Spencer  argues  that  trial  counsel  was
"unfamiliar  with  applicable  law"  regarding  the  application  of  the
privilege.  See Pet.'s Mem. at 35.

"[W]hen  a  petitioner  shows  that  counsel's  actions  actually
resulted  from  inattention  or  neglect,  rather  than  reasoned
judgment, the petitioner has rebutted the presumption of strategy."
Marcrum v. Leubbers, 509 F.3d 489, 502 (8th Cir. 2007) (citations
omitted).   Here,  Spencer  argues  that  trial  counsel  misunderstood
the  law  as  it  applied  to  the  attorney-client  privilege  and  its
application  to  Hogle.   Trial  counsel,  however,  ably  argued  on
several occasions for the application of the privilege by citing
relevant  law,  and  the  record  does  not  demonstrate  that  trial

counsel was unprepared to argue the motion in limine.[5] <u>See</u> ECF No. 82; Trial Tr., ECF No. 123, at 146:2-155:20. As a result, any such claim is contradicted by the record.

2. **Management of Evidence**

Spencer next argues that trial counsel was ineffective by (1) failing to properly manage and organize evidence and (2) sharing memoranda regarding defense witnesses with the government pursuant to Rule 26. Specifically, Spencer argues that trial counsel failed to analyze and date-stamp evidence upon receipt from Spencer. <u>See</u> Pet.'s Mem. 42. Spencer also criticizes trial counsel for his lack of certainty about whether a fax confirmation document had been provided to the government in discovery.

"A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." <u>Strickland</u>, 466 U.S. at 690. Trial counsel is not subject to binding rules about the exact manner in which he or she must organize evidence. As a result, such a general complaint about

---

[5] Spencer argues that he provided correspondence to trial counsel indicating that Hogle identified himself to others as an attorney and that trial counsel declined to use such information. Pet.'s Mem. 37. Such an argument is contradicted by the record. <u>See</u> Trial Tr., ECF No. 124, 59:19-63:9.

trial counsel's lack of organization does not place counsel's performance outside "the wide range of professionally competent assistance," and Spencer is not entitled to relief on such basis.

Further, despite the lack of clarity on whether the fax confirmation had been produced, the court allowed testimony regarding the document. See Trial Tr., ECF No. 127, at 119:2-133:10. The court "need not inquire into the effectiveness of counsel ... if [the court] determine[s] that no prejudice resulted from counsel's alleged deficiencies." Gianakos v. United States, 560 F.3d 817, 821 (8th Cir. 2009) (citations and internal quotation marks omitted). Here, the court allowed testimony on the subject of Spencer's claim. Therefore, Spencer suffered no prejudice because of trial counsel's uncertainty about whether the fax confirmation had been produced in discovery. As a result, Spencer is not entitled to relief on this basis.

Spencer also challenges trial counsel's release of defense materials to the government pursuant to Rule 26. Federal Rule of Criminal Procedure 26.2 provides for the post-testimony production of witness statements that relate to the subject matter of the witness's testimony. See Fed. R. Crim. P. 26.2(a). In this case, trial counsel and the government mutually agreed upon a pre-trial exchange of such information. See ECF No. 59. Such advance disclosure is not objectively unreasonable. As a result, trial counsel's management of evidence does not entitle Spencer to relief.

12

### 3.   Trial Strategy

Spencer next argues that trial counsel provided ineffective assistance by failing to (1) object to the admission of certain materials at trial, (2) object to the prosecutor's use of hand signals to improperly coach witnesses, (3) call certain witnesses, (4) introduce various pieces of evidence and (5) impeach a government witness with an inconsistent prior statement.[6]

### a.   Failure to Object to Documents

Spencer first challenges trial counsel's failure to object to the admission of certain materials at trial - specifically, a business agreement between Minnesota One and Spencer and an FDIC certificate - as lacking in foundation.  As already explained, if the court determines that no prejudice resulted from counsel's alleged deficiencies, it need not inquire about the effectiveness of counsel.  See Gianakos, 560 F.3d at 821.  "To establish prejudice, [t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. (alteration in original) (citation and internal

---

[6] Spencer also argues that trial counsel provided ineffective assistance by failing to challenge the expert testimony of IRS Special Agent Scott Larson on the basis of Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).  Larson testified, however, as a fact witness with technical knowledge.  See ECF No. 215, at 47. Such witnesses are not subject to Daubert attacks.  See Brown v. Ryan's Family Steak House, Inc., 113 F. App'x 512, 515 (4th Cir. 2004) (unpublished).  As a result, such an argument is without merit.

quotation marks omitted).  Spencer contends that without the business agreement, the government would have failed to establish that Spencer had oversight over Dols and others.  Pet.'s Mem. 46. Spencer, however, testified to recognizing the business agreement when confronted with it during cross-examination.  See Trial Tr., ECF No. 128, 41:4-11, 42:8-17, 43:24-3; see also Fed. R. Evid. 901(b)(1).  Moreover, the government's case did not rest on the existence of a formal contract characterizing Spencer as an employee of Minnesota One with managerial responsibilities.  See ECF No. 64.  Indeed, numerous individuals testified about their personal experiences with Spencer as a manager.  See, e.g., Trial Tr., ECF No. 120, 116:12-117:11; Trial Tr., ECF No. 122, at 201:24-202:20.  As a result, Spencer cannot establish that trial counsel's failure to object on the basis of inadequate foundation created a reasonable probability of a different outcome.

Similarly, Spencer argues that an FDIC certificate was improperly admitted.  See Pet.'s Mem. at 46.  Spencer, however, fails to argue with sufficient detail how the admission of the certificate resulted in his conviction and how exclusion of the certificate would result in a reasonable probability of a different outcome.  See Pinnon v. Ciccone, 611 F.2d 252, 253 (8th Cir. 1979) (per curiam) ("[P]etitioner's allegations do not state sufficient facts to warrant granting any relief under 28 U.S.C. § 2255 ...." (citation omitted)).  As a result, Spencer is not entitled to relief on this basis.

### b.   Failure to Object to Hand Signals

Spencer also challenges trial counsel's failure to object to the prosecutor's use of hand signals to coach witnesses. <u>See</u> ECF No. 64.   Spencer, however, provides no details concerning the alleged hand signals, such as the date, the witness who was allegedly coached or the nature of the gestures.   Moreover, the court observed no such hand signals during the proceedings. <u>See</u> <u>United States v. Kelly</u>, 581 F.2d 152, 153 (8th Cir. 1978) ("The court did not err in holding that its prior familiarity with the criminal trial enabled it to conclusively resolve the factual issue[] raised by petitioner." (citation omitted)).   As a result, Spencer is not entitled to relief on such an argument.

### c.   Failure to Call or Consult with Witnesses

Spencer also challenges trial counsel's (1) failure to hire a computer expert, (2) consult with an expert on real estate inflation, (3) call Minnesota Revenue Agent Dale Docken to testify and (4) and subpoena Paul Koenig, Greg Kaiser and Rick Blood from United States Federal Credit Union.

First, Spencer argues that a computer expert might have provided testimony that certain programs can be used to edit the meta-data within Microsoft Word, undermining IRS Special Agent Scott Larson's testimony.   Pet.'s Mem. 50-60.   "A claim of ineffective assistance based on the failure to consult and call an expert requires evidence of what a scientific expert would have stated at trial in order to establish <u>Strickland</u> prejudice."

Rodela-Aguilar v. United States, 596 F.3d 457, 462 (8th Cir. 2010) (citations and internal quotation marks omitted).   "[T]he petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense."  Day v. Quarterman, 566 F.3d 527, 538 (5th Cir. 2009) (citation omitted), cited with approval by Rodela-Aguilar, 596 F.3d at 462.   Here, Spencer has provided the court with the "contention" of Kevin Bluml, whom Spencer identifies as a forensic examiner of computer evidence. See Pet.'s Mem. at 53; id. Ex. 1.  Such a statement, however, is not sufficient to meet the requirements under Strickland. "[N]owhere ... does [Bluml] state that he was available to testify at trial, that he would have done so, or that he would have testified in accord with the opinions and conclusions he states ...."  Day, 566 F.3d at 538.  Similarly, though Spencer challenges trial counsel's failure to consult with a real estate inflation specialist, he does not identify any individual expert or explain what the contents of his or her testimony would have been.

Further, Spencer challenges the failure to call Minnesota Revenue Agent Dale Docken as a witness, arguing that his testimony would have contradicted a statement by Paul Napoli that Napoli had possessed Spencer's personal financial statement.  See Pet.'s Mot. 65.  Similarly, Spencer challenges the failure to interview or subpoena United States Federal Credit Union employees Paul Koenig,

16

Greg Kaiser and Rick Blood.  See Pet.'s Mot. 44.  Spencer provides

no affidavit from Agent Docken specifying what the content of his

testimony would have been and alleges only "[u]pon information and

belief" that Agent Docken would have supported Spencer's position.

Id.  Such an unsupported assertion of what a potential witness

might have said at trial is not enough to warrant relief.  See

United States v. Vazquez-Garcia, 211 F. App'x 544, 546 (8th Cir.

2007) (per curiam) (affirming denial of § 2255 petition where

petitioner had "not provided any *independent* evidence to the court

as to what [the uncalled witness] would have allegedly said had he

been ... called to testify" and noting use of affidavits for such

a purpose).  Further, Spencer's general claims that Koenig, Kaiser

and Blood could have corroborated Spencer's belief in the integrity

of property appraisals are unavailing, without independent evidence

in support.  Such self-serving and unsubstantiated claims of what

a witness's testimony might have been is "not enough to undermine

confidence in the outcome of the trial, as required by Strickland."

Id. (citation omitted).  As a result, Spencer fails to demonstrate

that trial counsel's failure to consult with or call such witnesses

resulted in prejudice.

### d.   Failure to Introduce Evidence

Spencer next argues that trial counsel was ineffective by

failing to introduce numerous pieces of evidence.  Specifically,

Spencer argues that trial counsel should have introduced evidence

of (1) similarities between several properties involved in the

conspiracies and others purchased by Spencer, (2) a sound file purportedly showing that Adam and Ashley Christenson sought to "gang up" on Spencer, (3) a loan Spencer had with Anoka Hennepin Credit Union in 2006, (4) a co-defendant's beliefs regarding property values and (5) Spencer being misled by the government about the legitimacy of Minnesota One's business practices.[7]  See Pet.'s Mem. 61-64, 66.  In general, the court "will not second-guess strategic decisions or exploit the benefits of hindsight" in evaluating counsel's trial strategy.  Payne v. United States, 78 F.3d 343, 345 (8th Cir. 1996) (citation omitted).  This is particularly true where, as here, trial strategy rightly focused on more consequential evidence in Spencer's favor.  Further, "the Constitution's guarantee of effective representation does not require an attorney to submit any minimum amount or particular type of evidence."  Johnson v. Lockhart, 921 F.2d 796, 800 (8th Cir. 1990).  In other words, trial counsel is not obligated to produce all evidence to the jury for consideration.

Indeed, even if Spencer could demonstrate that such trial decisions amounted to objectively unreasonable assistance, he cannot show that any of the evidence would have created a

---

[7] Spencer also argues that trial counsel was ineffective for failing to introduce evidence about another individual's use of "silent second" mortgages, notarized documents signed by Adam Christensen and the timeline of Dols's employment with Minnesota One.  See Pet.'s Mem. 40-41, 48-49.  The record reflects, however, that such evidence was introduced at trial.  See Trial Tr., ECF No. 120, at 182:14-15; ECF No. 122, at 168:20-170:3, 202:24-203:3; ECF No. 128, at 112:5-113:6.

reasonable probability of a different outcome at trial.  See Cox v. Wyrick, 642 F.2d 222, 227 (8th Cir. 1981).  The evidence Spencer argues should have been admitted related to comparatively minor matters or to Spencer's subjective beliefs, to which he testified at trial.  As a result, there is simply no basis to infer that such decisions at trial impacted the verdict, and relief is not warranted.

### e.   Failure to Impeach Government Witness

Spencer next argues that trial counsel failed to impeach a government witness with a prior inconsistent statement. Specifically, Spencer argues that trial counsel erred in failing to impeach government witness Joseph Whebbe.  See Pet.'s Mem. 50. "[A] failure to impeach constitutes ineffective assistance when there is a reasonable probability that, absent counsel's failure, the jury would have had reasonable doubt of the petitioner's guilt."  United States v. Orr, 636 F.3d 944, 952 (8th Cir. 2011) (citations and internal quotation marks omitted).  Here, however, Whebbe had already testified about his prior inconsistent statements on direct examination.  See Trial Tr., ECF No. 120, at 252:4-23.  The decision by trial counsel not to restate such testimony on cross-examination does not result in a reasonable probability that the jury would have acquitted Spencer.  The court "generally entrust[s] cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel."  Orr, 636 F.3d at 952 (citation and internal quotation

marks omitted).  As a result, trial counsel was not ineffective for failing to impeach Whebbe on cross-examination.

### 4.  Jury Instruction

Finally, Spencer argues that he received ineffective assistance of trial counsel because trial counsel (1) failed to object to the court's inadvertent failure to deliver a limiting instruction on the expert testimony of Kelly Boedecker given her professional affiliation with victim Bank of America and (2) failed to request a limiting instruction on the admission of summary charts prepared by the government.

Even if Spencer could demonstrate that failure to object to the omitted instruction or to request a limiting instruction on the charts was professionally deficient, however, he again cannot show that either would have created a reasonable probability of a different outcome at trial.  See Cox, 642 F.2d at 227.  First, as to the omitted instruction on Boedecker, the Eighth Circuit observed that the court's omission of the instruction did not constitute plain error.  See United States v. Spencer, 700 F.3d 317, 322 (8th Cir. 2012).  Further, the trial court instructed the jury to evaluate the "believability" of all witnesses, specifically emphasizing that the jury should consider each witness's "motive to falsify" and how the witness "might be affected by the verdict." ECF No. 90, at 11-12.  As to the summary charts, Spencer argues that a limiting instruction should have been given.  The charts, however, were admitted into evidence as exhibits, not merely

summarizations.  <u>See</u> Trial Tr., ECF No. 126, at 149:7-11.  As a result, no limiting instruction was warranted.  Thus, Spencer cannot demonstrate that either of the two suggested instructions would have resulted in a reasonable probability of a different outcome.  In sum, after extensive review of Spencer's arguments and the record, the court determines that Spencer is not entitled to § 2255 relief on the basis of ineffective assistance of trial counsel.

### D.   Ineffective Assistance of Appellate Counsel

Spencer next argues that he received ineffective assistance of appellate counsel.  Specifically, Spencer argues that appellate counsel (1) failed to appeal the denial of his motions for judgment of acquittal and continuance, (2) failed to appeal the admission of charts prepared by the prosecution, (3) failed to communicate meaningfully with Spencer during and following direct appeal and (4) failed to submit a reply brief as part of the direct appeal.

A petitioner "must satisfy both prongs of the <u>Strickland</u> test in order to prevail on his claim of ineffective assistance of appellate counsel."  <u>Smith v. Robbins</u>, 528 U.S. 259, 289 (2000). As already explained, a reviewing court should recognize a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  <u>Strickland</u>, 466 U.S. at 689. Given this presumption, the right to effective assistance of counsel on direct appeal "does not require that appellate counsel raise every colorable or non-frivolous issue on appeal."  <u>Roe v.</u>

<u>Delo</u>, 160 F.3d 416, 418 (8th Cir. 1998) (citation omitted). "Absent contrary evidence, [the court] assume[s] that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." <u>Id.</u> (citation and internal quotation marks omitted). Indeed, the "process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." <u>Smith v. Murray</u>, 477 U.S. 527, 536 (1986) (citation and internal quotation marks omitted). Therefore, the question is whether "the decision to omit an issue on appeal was unreasonable under the circumstances and was [a] decision that only an incompetent attorney would make." <u>Maksimov v. United States</u>, No. 4:03-CV-615, 2006 WL 2802206, at *18 (E.D. Mo. Sept. 25, 2006) (citations omitted).

### 1. Motion for Judgment of Acquittal

Spencer first argues that appellate counsel should have appealed the denial of his motion for judgment of acquittal. A motion for judgment of acquittal should be denied if, "after reviewing the evidence in the light most favorable to the government, there is substantial evidence justifying an inference of guilt as found irrespective of any countervailing testimony that may be introduced." <u>United States v. Rodriquez</u>, 812 F.2d 414, 416 (8th Cir. 1987) (citations omitted). "The jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable-minded jury to find the defendant guilty beyond

a reasonable doubt." United States v. Maxwell, 363 F.3d 815, 817-18 (8th Cir. 2004) (citation omitted).  "This standard is quite strict; [the court] will not lightly overturn the jury's verdict." United States v. Serrano-Lopez, 366 F.3d 628, 634 (8th Cir. 2004) (citation and internal quotation marks omitted).  Here, upon the motion for judgment of acquittal, the court "careful[ly] review[ed] ... the evidence adduced at trial, [and] determine[d] that the evidence supported the jury's verdict and that no miscarriage of justice has occurred."  ECF No. 94, at 2.  Given the extent of trial testimony and other evidence in the record, as well as the stringent standard on appeal for arguments based on sufficiency of the evidence, it was not unreasonable for appellate counsel to omit such an argument from the direct appeal.

## 2.   Motion for Continuance

Spencer next argues that appellate counsel failed to appeal the denial of his motion to continue the trial.[8]  The government provided discovery of approximately 1,500 pages in electronic format to Spencer on May 4, 2011.  See ECF No. 67, ¶ 1.

---

[8] Spencer also argues that the court abused its discretion in (1) denying the motion for continuance, (2) admitting computer meta-data and testimony by IRS Special Agent Scott Larson, (3) allowing Special Agent Steve Kunstman to sit at the prosecution table during trial and (4) allowing summary charts prepared by the government into the jury room during deliberations.  All such arguments are cognizable on direct appeal.  See, e.g., United States v. Vesey, 330 F.3d 1070, 1071-72 (8th Cir. 2003). Therefore, such arguments are not among those that "could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  Apfel, 97 F.3d at 1076 (citation omitted).  As a result, such claims fail.

Thereafter, Spencer sought a continuance, which the government opposed and the court denied. See ECF No. 73. Spencer argues that appellate counsel provided ineffective assistance for failing to appeal the denial.

The denial of a motion for continuance is reviewed for abuse of discretion, and the appellate court considers "whether counsel had sufficient time to prepare for trial." United States v. Vesey, 330 F.3d 1070, 1072 (8th Cir. 2003) (citations and internal quotation marks omitted). Although the discovery in electronic format was provided shortly before trial, the government argued, and Spencer did not dispute, that "the bulk of those materials have been available for inspection and copying for at least 6 weeks." ECF No. 68, at 1-2. Given the circumstances surrounding the motion for continuance and its denial, such an argument is comparatively weaker than those advanced by Spencer on direct appeal and it was not unreasonable for appellate counsel to omit it.

### 3.   **Admission of Summary Charts**

Spencer next argues that appellate counsel failed to challenge the admission of summary charts prepared by the government. Specifically, Spencer argues that he explicitly directed appellate counsel to appeal on such a basis.

Appellate counsel is not obligated to advance every non-frivolous argument on direct appeal, even if the defendant wishes such arguments to be put forth. See Otey v. Grammar, 859 F.2d 575, 580 (8th Cir. 1988) (declining to find appellate counsel's

performance inadequate where defendant had demanded that certain issues be raised on appeal). Further, counsel does not perform deficiently by failing to raise a meritless argument. See Thai v. Mapes, 412 F.3d 970, 978 (8th Cir. 2005). Here, a challenge to the admission of summary charts prepared by the prosecution would have been meritless on appeal. To preserve an evidentiary issue for review, a party must make "a timely objection to the trial court and clearly stat[e] the grounds for the objection." United States v. Thornberg, 844 F.2d 573, 575 (8th Cir. 1988). Here, counsel did not object to the admission of the summary charts at trial, and the issue was not properly preserved for appeal. Thus, because the issue was not available for appellate review, appellate counsel did not provide ineffective assistance by failing to present the argument. As a result, Spencer did not receive ineffective assistance of appellate counsel based on the failure to challenge the admission of the summary charts.[9]

---

[9]    Similarly, Spencer argues that appellate counsel inadequately argued against the admission of testimony by government expert Kelly Boedecker, a Senior Credit Risk Officer with Bank of America. Specifically, Spencer argues that "counsel did not point out to the appellate court the prejudicial portions of that testimony of ... [Boedecker] or flesh out its prejudicial impact on the verdict." Pet.'s Mem. at 77. On appeal, however, the Eighth Circuit specifically noted Spencer's argument "that the probative value of Boedecker's testimony was substantially outweighed by a danger of unfair prejudice, and that the court should have excluded the testimony based on Federal Rule of Evidence 403." Spencer, 700 F.3d at 321. As a result, such an argument is without merit.

### 4.   Communication

Spencer also argues that appellate counsel failed to meaningfully communicate with him throughout the appeal process. See Pet.'s Mem. 76.

> The Due Process Clause does not mandate a certain number of phone calls or visits between an attorney and defendant .... The question at all times remains: were the Strickland standards satisfied? ... [Spencer's] complaint about the quantum of communication does not provide an independent basis for relief - [Spencer] still must demonstrate he received ineffective assistance of counsel.

Sparks v. United States, Nos. 13-3051-CV, 11-03045-01-CR, 2013 WL 5786833, at *6 (W.D. Mo. Oct. 28, 2013). Here, Spencer does not explain how the allegedly-deficient communication translated into ineffective assistance of appellate counsel within the meaning of Strickland. Further, even if Spencer could demonstrate that the lack of communication rendered the assistance ineffective, he does not argue that greater contact would have created a reasonable probability of a different outcome. As a result, Spencer is not entitled to relief on such a claim.

### 5.   Reply Brief

Finally, Spencer argues that appellate counsel failed to file a reply brief.

> However, [Spencer] fails to demonstrate how the result of his appeal would have been different had a reply brief been filed. Specifically, [Spencer] fails to articulate what his counsel should have included in a

> reply brief that was not included in the opening brief or how any new argument would have brought about a different result.

Maksimov v. United States, No. 4:03-615, 2006 WL 2802206, at *20. Indeed, Spencer does not indicate that any "new argument" would have appeared in the reply brief, but rather that it would have provided him with the "last bite of the apple." Pet.'s Mem. at 78. As a result, the failure to file a reply brief does not support an ineffective assistance of appellate counsel claim.

## II.  Motion for Discovery

Spencer also moves for discovery in support of his § 2255 petition.  Specifically, Spencer seeks (1) various pre-trial statements of witnesses, (2) trial transcripts, (3) material used in trial preparation and argument by the government and defense counsel, (4) trial exhibits, (5) Minnesota One employee documents, tax records and business files, (6) information concerning the collapse of the United States real estate market in 2008, (7) materials relating to counsel's trial and appellate preparation and (8) copies of documents filed electronically with the court.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997).  A habeas petitioner is entitled to discovery only upon a showing of good cause.  Id.; see also Rules Governing Section 2255 Proceedings for the United States District Courts, R. 6(a).  As already explained, the court concludes that Spencer's allegations do not entitle him

to relief or an evidentiary hearing.  For these same reasons, Spencer has not demonstrated good cause for discovery.  See Rucker v. Norris, 563 F.3d 766, 771 (8th Cir. 2009) ("The good cause that authorizes discovery under Rule 6(a) requires a showing that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to [habeas] relief." (alterations in original) (citation and internal quotation marks omitted)).  As a result, denial of the motion for discovery is warranted.

## III. Motion for Sanctions

Finally, Spencer moves pursuant to Rule 11 for sanctions against United States Attorney Andrew Luger and Jennifer Shabel, a law student supervised by Assistant United States Attorney David MacLaughlin, who authored the government's memorandum in opposition to the § 2255 petition.  Specifically, Spencer argues that the government made material omissions and misrepresentations in its responsive memorandum.  Rule 11(b) requires that

> by presenting to the court a pleading, written motion, or other paper ... an attorney ... certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose ...; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support ...; and (4) the denials of factual contentions are warranted on the evidence ....

Fed. R. Civ. P. 11(b).  Sanctions are available where the court determines that Rule 11(b) has been violated.  Id. R. 11(c).  The court may impose sanctions in § 2255 motions.  See Rules Governing Section § 2255 Proceedings for the United States District Courts, R. 12.

Here, although Spencer refers in general terms to material omissions of and misrepresentations by the government, his motion largely restates grounds for relief articulated in his § 2255 petition and focuses on general challenges to the credibility of the government.  Spencer does not provide substantiating detail for his allegations that the government's position in response to his § 2255 motion is improper.  See Fed. R. Civ. P. 11(c) (requiring a motion for sanction by a party to "describe the specific conduct that allegedly violates Rule 11(b)").  Such unsupported and general allegations are insufficient to support sanctions pursuant to Rule 11 and, as a result, denial of the motion for sanctions is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motion to vacate, set aside or correct sentence [ECF No. 197] is denied;

2.   The motion for continuation to perfect [ECF No. 199] is denied;

3.   The motion for discovery [ECF No. 200] is denied;

4.    The motion for sanctions [ECF No. 219] is denied;

5.    The motion for stay and discovery [ECF No. 220] is denied;

6.    The motion to "enforce Brady material request" [ECF No. 222] is denied; and

7.    Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 21, 2014

                                s/David S. Doty
                                David S. Doty, Judge
                                United States District Court